**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DOUBLEVERIFY HOLDINGS INC. and DOUBLEVERIFY INC., | |
| Plaintiffs, | |
| v. | No. 8:25-cv-01535-TDC |
| ADALYTICS RESEARCH, LLC, | |
| Defendant. | |

**<u>ANSWER TO ORIGINAL COMPLAINT</u>**

Defendant Adalytics Research, LLC ("Adalytics" or "Defendant"), by and through its undersigned attorneys, file this Answer to Original Complaint as follows:

1.      Denied.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph, and therefore denies these allegations.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph, and therefore denies these allegations.

4.      Defendant denies that Plaintiffs' approach is "fully aligned with best practices and industry guidance." Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this paragraph, and therefore denies these allegations.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statistics cited in this paragraph, and therefore denies these allegations. Defendant otherwise denies the allegations set forth in this paragraph.

6.      Denied.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in this paragraph describing communications between Plaintiffs and an unnamed media outlet, and therefore denies these allegations.  Defendant otherwise denies the allegations set forth in this paragraph

8.      Defendant admits that it published the Report on March 28, 2025, and otherwise denies the allegations set forth in this paragraph.

9.      Defendant admits that Plaintiffs issued public responses to the Report and refers to those published statements for the contents thereof.  Defendant otherwise denies the allegations set forth in this paragraph.

10.     To the extent Paragraph 10 is quoting opinions expressed by third parties, Defendant refers to those statements for the contents thereof, and otherwise denies the allegations set forth in this paragraph.

11.     Defendant admits that it has not removed the Report or made changes requested by Plaintiffs to the Report since publication, and otherwise denies the allegations set forth in this paragraph.

12.     Defendant admits that WSJ, AdExchanger, and Check My Ads published online articles about the Report after it was published and refers to those published statements for the contents thereof.  Defendant otherwise denies the allegations in this paragraph.

13.     Denied.

14.     Defendant admits that the Complaint seeks damages and otherwise denies the allegations set forth in this paragraph.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in this paragraph, and therefore denies these allegations.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in this paragraph, and therefore denies these allegations.

17.     Defendant admits that Adalytics is a limited liability company formed under the laws of Maryland and that its sole member is Krzysztof Franaszek.

18.     Defendant admits that the Complaint asserts the claims listed in this paragraph, and otherwise denies the allegations set forth in this paragraph.

19.     To the extent the allegations set forth in this paragraph are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent such allegations are deemed to be allegations of fact, Defendant does not contest this Court's subject-matter jurisdiction..

20.     To the extent the allegations set forth in this paragraph are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent such allegations are deemed to be allegations of fact, Defendant does not contest this Court's subject-matter jurisdiction..

21.     To the extent the allegations set forth in this paragraph are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent such allegations are deemed to be allegations of fact, Defendant does not contest this Court's personal jurisdiction over Defendant.

22.     To the extent the allegations set forth in this paragraph are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent such allegations are deemed to be allegations of fact, Defendant does not contest the venue in this Court.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in this paragraph, and therefore denies these allegations.

24.     Denied.

25.     Defendant admits that GIVT and SIVT are two categories of IVT and otherwise denies the allegations set forth in this paragraph.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph, and therefore denies these allegations.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph, and therefore denies these allegations.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiffs' characterization of their offerings and therefore denies these allegations.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in this paragraph and therefore denies these allegations.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore denies these allegations.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which have no legal bearing on the claims in this case, and otherwise denies the allegations.

37.     Defendant lacks information sufficient to form a belief as to the truth or falsity of whether Plaintiffs' "pre-bid avoidance solution goes further than the MRC Guidelines," which has no legal bearing on the claims in this case, and otherwise denies the allegations set forth in this paragraph.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore denies these allegations.

39.     Denied.

40.     Denied.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning TAG, which is not a party to this lawsuit, and otherwise denies the allegations set forth in this paragraph.

42.     Admitted that Defendant is a for-profit company owned by Krzysztof Franaszek. Further admitted that Defendant conducts advertising analytics and serves brands and ad buyers by providing "a next generation ad quality and transparency platform" that "help[s] brands secure

control over their media investments." Defendant otherwise denies the allegations set forth in this paragraph.

43.    Denied.

44.    Defendant admits that it published a report about Colossus and refers to that published report for the contents thereof. Defendant otherwise denies the allegations set forth in this paragraph.

45.    To the extent Plaintiff is characterizing and/or quoting from online articles published by third parties in this paragraph, Defendant refers to the articles themselves for the contents thereof, and otherwise denies the allegations set forth in this paragraph.

46.    Denied.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore denies these allegations.

48.    Denied.

49.    Defendant admits that Plaintiff published the online article linked in footnote 16 on or about January 10, 2025, prior to Adalytics publishing the Report, and refers to that article for the contents thereof. Defendant otherwise denies the allegations set forth in this paragraph.

50.    Defendant admits that it published the Report on March 28, 2025 and otherwise denies the allegations set forth in this paragraph.

51.    Denied.

52.    Denied.

53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore denies these allegations.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     To the extent the allegations set forth in this paragraph are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent such allegations are deemed to be allegations of fact, Defendant denies the allegations set forth in this paragraph.

64.     Defendant admits that it has not taken down the Report or made any changes requested by Plaintiffs, and otherwise denies the allegations set forth in this paragraph.

65.     Denied.

66.     Admitted that WSJ.com reflects that an article was published on March 28, 2025, titled "Efforts to Weed Out Fake Users for Online Advertisers Fall Short."  Defendant refers to this article for the content thereof, and no response is required.  To the extent any response is required, Defendant otherwise denies the allegations set forth in this paragraph.

67.     Defendant refers to the cited articles for the contents thereof, and otherwise denies the allegations set forth in this paragraph.

68.     Denied.

69.     Denied.

70.     Denied.

### COUNT 1: FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION

### (15 U.S.C. § 1125(A) – THE LANHAM ACT)

71.     This paragraph is an inclusion paragraph to which no response is required.  To the extent this paragraph includes factual allegations, Defendant denies those allegations.

72.     Denied.

73.     To the extent the allegations set forth in this paragraph are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent such allegations are deemed to be allegations of fact, Defendant denies the allegations set forth in this paragraph.

6

74.    To the extent the allegations set forth in this paragraph are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent such allegations are deemed to be allegations of fact, Defendant admits that it published the Report on its publicly-accessible website, adalytics.io, and otherwise denies the allegations set forth in this paragraph.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

**COUNT 2: DEFAMATION**

**(MARYLAND COMMON LAW)**

82.    This paragraph is an inclusion paragraph to which no response is required.  To the extent this paragraph includes factual allegations, Defendant denies those allegations.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

**COUNT 3: INJURIOUS FALSEHOOD**

**(MARYLAND COMMON LAW)**

90.    This paragraph is an inclusion paragraph to which no response is required.  To the extent this paragraph includes factual allegations, Defendant denies those allegations.

91.    Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

### COUNT 4: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

### (MARYLAND COMMON LAW)

100.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

101.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

102.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

103.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

104.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

105.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

106.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

107.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

108.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

109.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

110.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

111.    Because Count 4 was dismissed by the Court, no responsive pleading is required as to said paragraph.

### COUNT 5: UNFAIR COMPETITION

### (MARYLAND COMMON LAW)

112.    This paragraph is an inclusion paragraph to which no response is required.  To the extent this paragraph includes factual allegations, Defendant denies those allegations.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in their Prayer for Relief.

### AFFIRMATIVE DEFENSES

To the extent that it is Plaintiffs' burden to prove any of the issues raised in the defenses set forth below, Defendant hereby preserves, and does not waive, its legal position that Plaintiffs maintain the burden of proof on those issues.  Defendant reserves its right to amend or supplement its defenses.

### FIRST DEFENSE

The Complaint fails to state any cause of action against Defendant, in whole or in part, upon which relief can be granted.

9

### SECOND DEFENSE

Plaintiffs' claims fail because some or all of the statements and/or implications are not capable of being proven true or false and/or constitute opinion and, hence, are non-actionable under the First and Fourteenth Amendments to the U.S. Constitution and governing common law.

### THIRD DEFENSE

Plaintiffs' claims fail because the statements at issue—to the extent they are capable of being proven true or false—are true or substantially true and, therefore, are absolutely protected under the First and Fourteenth Amendments to the U.S. Constitution and by governing common law.

### FOURTH DEFENSE

Plaintiffs' claims fail because some or all of the statements and/or implications in suit are not "of and concerning" Plaintiffs.

### FIFTH DEFENSE

Plaintiffs' claims fail because some or all of the statements and/or implications in suit are not reasonably susceptible to a defamatory meaning, and thus cannot give rise to any claim against Defendants.

### SIXTH DEFENSE

Plaintiffs' defamation claim fails under the First and Fourteenth Amendments to the U.S. Constitution because Plaintiff is a public figure, and Defendant did not publish any of the statements and/or implications in suit with constitutional "actual malice."

### SEVENTH DEFENSE

Plaintiffs' claims fail because Defendant did not publish the statements and/or implications in suit with recklessness, negligence, or any other applicable degree of fault.

### EIGHTH DEFENSE

Plaintiffs' claims fail because the statements and/or implications are not defamatory per se, and Plaintiffs cannot prove actual or special damages.

10

**NINTH DEFENSE**

Plaintiffs' claims fail because Plaintiffs have not suffered any actual harm or damages as a result of, or proximately caused by, the statements in suit.

**TENTH DEFENSE**

Plaintiffs' causes of action are barred, in whole or in part, by their failure to mitigate and/or prevent the damages about which they complain, and any recovery should be reduced in direct proportion to such failure.

**ELEVENTH DEFENSE**

Plaintiffs are not entitled to punitive damages because the statements and/or implications about which Plaintiffs complain were not made with common law malice and actual malice, and Defendant did not commit any outrageous conduct that was malicious, wanton, reckless, or in willful disregard of Plaintiffs' rights. Punitive damages would also violate Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

**TWELFTH DEFENSE**

Plaintiffs' damages are speculative and uncertain and, therefore, not recoverable.

**THIRTEENTH DEFENSE**

Defendant is not liable for any of Plaintiffs' causes of action because this lawsuit is a "SLAPP suit" pursuant to Cts. & Jud. Pr. § 5-807 in that it is (1) brought in bad faith; (2) Defendant communicated with the public at large regarding a matter of public concern, without constitutional malice; (3) Plaintiffs' claims are materially related to that communication; and (4) the lawsuit is intended to inhibit and/or does inhibit the exercise of Defendant's rights under the First Amendment and the Maryland Declaration of Rights.

11

Dated: May 11, 2026                    Respectfully submitted,


                                       */s/ Alison Schary*
                                       Alison Schary (#18687)
                                       Chelsea T. Kelly (#31561)
                                       Marietta Catsambas (#31794)
                                       Davis Wright Tremaine LLP
                                       1301 K Street NW, Suite 500 East
                                       Washington, D.C. 20005
                                       (202) 973-4248
                                       alisonschary@dwt.com
                                       chelseakelly@dwt.com
                                       mariettacatsambas@dwt.com


                                       *Attorneys for Defendant Adalytics Research, LLC*

12

## CERTIFICATE OF SERVICE

I certify that on this 11th day of May, 2026, I electronically served a copy of the foregoing document on all parties receiving CM/ECF notices in this case.

Dated: May 11, 2026

/s/ *Alison Schary*
Alison Schary (#18687)